[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 20, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-15218
Non-Argument Calendar

_____

D. C. Docket No. 08-60070-CR-KAM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TASHIKA ESTREMERA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(March 20, 2009)**

Before BIRCH, CARNES and HULL, Circuit Judges.

PER CURIAM:

Tashika Estremera appeals her 15-month sentence, imposed for conspiracy

to commit credit card fraud, aiding and abetting credit card fraud, and identity theft.

At sentencing Estremera's base offense level was increased by ten points because the total amount of loss in this case was $155,000, see U.S.S.G. 2B1.1(b)(1), which led to a guideline sentence range of 24-30 months. Believing that this range over-represented her involvement in the fraud, the district court varied downward under 18 U.S.C. § 3553 and sentenced Estremera to only 15 months imprisonment. Still unsatisfied, she contends that the district court procedurally erred in attributing to her the entire amount of loss from the credit card fraud without first determining the scope of her involvement in the scheme.

Although we review the district court's loss calculation only for clear error, we review de novo whether the district court misapplied the sentencing guidelines. United States v. McCrimmon, 362 F.3d 725, 728 (11th Cir. 2004). The guidelines provide for an increase in the defendant's base offense level based on higher amounts of loss. U.S.S.G. § 2B1.1(b)(1). The amount of loss attributable to a defendant includes "all acts and omissions committed, aided, [and] abetted . . . by the defendant." Id. § 1B1.3(a)(1)(A).

In conspiracy cases, the loss caused by the defendant may also include "all reasonably foreseeable acts and omissions of others in furtherance of the jointly

undertaken criminal enterprise." Id. §1B1.3(a)(1)(B).  When assessing "the loss amount attributable to a particular defendant convicted of a conspiracy offense," the district court must first determine "the scope of the criminal activity the defendant agreed to jointly undertake."  McCrimmon, 362 F.3d at 731.

Estremera argues that the district court failed to make that necessary finding, and without it erred in attributing to her the entire amount of the loss caused by the credit card fraud scheme.  That argument fails.  The sentencing guidelines state that "a defendant may be accountable for particular conduct under more than one subsection." U.S.S.G. §1B1.3 cmt. n. (b)(1).  Even assuming that the district court erred in "not mak[ing] individualized findings regarding the scope of the defendant's criminal activity," we can still uphold the sentence if the record otherwise supports the loss attribution.  See United States v. Matthews, 168 F.3d 1234, 1247 (11th Cir. 1999) (upholding defendants' sentences where the record supported the district court's determination of the drug quantities attributed to them).  Here the record does just that.

In addition to pleading guilty to the conspiracy charge, Estremera pleaded guilty to two counts of aiding and abetting credit card fraud.  It is undisputed that the credit card fraud she aided and abetted caused a $155,000 loss.  Because the sentencing guidelines state that loss may be attributed to a defendant based on acts

3

that she aided and abetted, <u>see</u> U.S.S.G. §1B1.3(1)(A), the district court did not err in attributing to Estremera the entire $155,000 loss.

**AFFIRMED.**